**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BARRY L. ORNDORFF, | : | |
| Plaintiff | : | CIVIL ACTION |
| v. | : | No. 1:26-cv-02944 : |
| CUMBERLAND COUNTY, | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA – PENNSYLVANIA | : | |
| STATE POLICE, SPERANZA ANIMAL | : | |
| RESCUE, JANINE GUIDO, PAIGE | : | |
| KULSA, NICHOLAS BIERZONSKI, and | : | Judge Jennifer P. Wilson |
| DAVID SPADA, | : | |
| Defendants | : | |

**DEFENDANT CUMBERLAND COUNTY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## I. PRELIMINARY STATEMENT

Plaintiff Barry L. Orndorff was charged with animal neglect and cruelty after Pennsylvania State Police ("PSP") troopers responded to a neighbor's report of deceased animals on his property. A magisterial district judge bound every count over for trial, and a jury later acquitted him. He now sues seven defendants in twenty-three counts. Only Count I, a Section 1983 malicious prosecution claim, is directed to Defendant Cumberland County ("the County").

Count I is a municipal liability claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and it fails for four independent reasons. First, it identifies no actual County policy or custom; it offers only an information-and-belief recitation built on this single prosecution. Second, its failure-to-train theory alleges

neither a training deficiency nor a pattern of prior violations. Third, Plaintiff's own averments, including the bindover of all 2,700 counts after a preliminary hearing, establish probable cause and therefore defeat any underlying constitutional violation. Fourth, the Fourth Amendment, not the Fifth Amendment, governs his claim. Count I should be dismissed with prejudice.

## II. PROCEDURAL HISTORY

Plaintiff filed his Complaint in the Court of Common Pleas of Cumberland County on August 26, 2026, at No. 2026-09812. On October 2, 2026, the County removed the action to this Court. The County now moves to dismiss Count I pursuant to Federal Rule of Civil Procedure 12(b)(6).

## III. RELEVANT FACTS

Plaintiff alleges that on June 4, 2021, he possessed live animals at his Shippensburg property as part of his employment as a licensed *Domestic Animal Dealer and Hauler*. (Compl. ¶ 13.) After a neighbor contacted PSP about deceased animals on the property, Trooper Kulsa responded, followed by Corporal Spada, Trooper Bierzonski, and then-Chief Deputy District Attorney Courtney Hair Larue. (Compl. ¶¶ 15–16 & n.1.) Plaintiff agreed to be interviewed and signed a PSP waiver of rights and consent to search. (Compl. ¶ 18.) Trooper Kulsa contacted Janine Guido and Speranza Animal Rescue ("Speranza"), whose volunteers took possession of many of the animals. (Compl. ¶¶ 20–23.)

That same day, Trooper Bierzonski filed a Criminal Complaint and Affidavit of Probable Cause charging 2,250 counts, citing "the totality of the circumstances, common sense, training, and my observations at the scene." (Compl. ¶¶ 30, 32.) Plaintiff was arrested and released the next day on $5,000 bail. (Compl. ¶¶ 33–34.) On June 5, 2021, Trooper Bierzonski applied for a search warrant, which was approved. (Compl. ¶ 36.) The Complaint does not allege that any County official approved it. PSP and Speranza seized approximately 404 animals, which Speranza held "as evidence for PSP"; PSP later authorized their adoption. (Compl. ¶¶ 40, 46, 49.)

At the preliminary hearing, Ms. Larue amended the Criminal Complaint to add 450 counts, and Magisterial District Judge Nancy Hamil bound over all 2,700 counts for trial. (Compl. ¶¶ 43–44.) At trial, Commonwealth veterinarians testified about the perceived injuries and condition of the animals, and Plaintiff's own expert acknowledged unsanitary conditions on the property. (Compl. ¶¶ 67, 71(g).) The jury acquitted Plaintiff on August 30, 2024. (Compl. ¶ 64.)

In Count I, Plaintiff alleges, on the basis that "[i]t is believed and therefore averred," that the County, through the District Attorney's Office "and its agents, including Speranza Animal Rescue and Janine Guido," maintained a policy or custom of approving charges and search warrants, and seizing animals, in cases involving dealer and hauler licensees "without first seeking a qualified expert

review." (Compl. ¶¶ 83–84.) He alleges that these policies or customs developed "in part" from a failure to train or supervise County prosecutors, to which the County was deliberately indifferent, in violation of the Fourth and Fifth Amendments. (Compl. ¶¶ 85–88.) The Complaint identifies no other prosecution, licensee, warrant, or incident.

## IV. STATEMENT OF QUESTIONS INVOLVED

A. Whether Count I fails to plead a County policy or custom that caused Plaintiff's alleged injury?

*Suggested Answer: Yes.*

B. Whether Count I fails to plead a failure-to-train claim?

*Suggested Answer: Yes.*

C. Whether Count I fails because Plaintiff has not pleaded an underlying constitutional violation?

*Suggested Answer: Yes.*

D. Whether the Fifth Amendment provides any basis for Count I?

*Suggested Answer: No.*

E. Whether dismissal should be with prejudice?

*Suggested Answer: Yes.*

## V. STANDARD OF REVIEW

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). In ruling on a Rule 12(b)(6) motion, the Court accepts as true all factual allegations and the reasonable inferences drawn

from them. *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). A complaint, however, must contain sufficient factual matter to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing Fed. R. Civ. P. 8(a)(2)).

The Court (1) identifies the elements of the claim; (2) identifies the conclusory allegations that are "not entitled" to the assumption of truth; and (3) determines whether the remaining well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). The Court need not accept bald assertions or legal conclusions. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). The Court may consider the complaint, exhibits attached to it, and matters of public record, *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010), including items appearing in the record of the case, *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006), and the docket of the underlying criminal proceedings, *Wilson v. McVey*, 579 F. Supp. 2d 685, 688 (M.D. Pa. 2008).

## VI. ARGUMENT

### A. Count I Fails to Plead a County Policy or Custom That Caused Plaintiff's Alleged Injury.

A municipality may be liable under Section 1983 only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such a deprivation." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986). It cannot be held vicariously liable for its employees' conduct. *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007); *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990). Liability attaches only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," *Monell*, 436 U.S. at 694, and there must be "a direct causal link between the municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

A policy is a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (quoting *Bd. of the Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997)). A custom is an act "that has not been formally approved by an appropriate decision maker," but is "so widespread as to have the force of law." *Id.* A plaintiff must "identify the challenged [custom or] policy, attribute it to the [municipality] itself, and show a causal link between

execution of the policy [or custom] and the injury suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). "To satisfy the pleading standard, [plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). A single incident, especially one involving only actors below the policymaking level, does not suffice to show a municipal policy. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

**1. The policy and custom allegations are conclusory and rest on a single prosecution.**

Paragraphs 83 and 84 are the whole of Plaintiff's *Monell* theory, and both are pleaded on the basis that "[i]t is believed and therefore averred." They identify no ordinance, regulation, written directive, or decision of any County policymaker. *See Pembaur*, 475 U.S. at 483–84. They identify no other licensee, prosecution, or search warrant from which a widespread practice could be inferred. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127–30 (1988). What remains is Plaintiff's own prosecution, which is exactly the single incident that *Tuttle* holds insufficient. Allegations of this kind are not entitled to the assumption of truth. *Santiago*, 629 F.3d at 130.

Courts in this Circuit dismiss materially indistinguishable pleadings. In *Zerby v. Waltz*, No. 1:16-cv-00383, Doc. No. 33 (M.D. Pa. Jan. 27, 2017) (Kane, J.), this Court dismissed a malicious prosecution *Monell* claim against this same County

where the complaint contained no factual allegations specifying any relevant policy or custom attributable to the County and no facts supporting a plausible nexus between such a policy and the constitutional deprivation. *Id.* at 13 (citing *McTernan*, 564 F.3d at 658). Likewise, in *Dress v. Falls Township*, No. 16-4918, Doc. No. 22 (E.D. Pa. May 18, 2017) (Pratter, J.), the court dismissed a malicious prosecution *Monell* claim where the plaintiff alleged two customs but did not explain the "direct causal link" between those customs and the claim of malicious prosecution. *Id.* at 7–8 (citing *Bryan Cnty.*, 520 U.S. at 404). Count I suffers from the same defects.

**2. The Complaint's own facts attribute the challenged conduct to PSP, not the County.**

Plaintiff cannot attribute the alleged policy to the County itself, as *Losch* requires. By his own account, Trooper Bierzonski filed the Criminal Complaint (Compl. ¶ 30), Trooper Bierzonski applied for the search warrant (Compl. ¶ 36), PSP and Speranza seized the animals (Compl. ¶ 40), Speranza held them "as evidence for PSP" (Compl. ¶ 46), and PSP authorized their adoption (Compl. ¶ 49). Although paragraph 84 alleges a County policy of "approving search warrants," the Complaint never alleges that any County official approved the warrant at issue. In *Zerby*, this Court held that further amendment against a municipality would be futile where the complaint and the criminal docket established that a different agency had brought the charges, so that the municipality's policies or customs played no role in causing

the plaintiff's injury. *Zerby*, Doc. No. 33, at 11 n.4. The same reasoning applies to every part of Count I that challenges the warrant and the seizure.

Nor does Plaintiff's label of Speranza and Ms. Guido as County "agents" (Compl. ¶¶ 82–84) supply a County policy. That label is a legal conclusion with no supporting facts, *Burlington Coat*, 114 F.3d at 1429, and it is contradicted by the Complaint's repeated allegations that Speranza and Ms. Guido acted as agents of PSP. (Compl. ¶¶ 92, 136, 150, 161, 173.) A private rescue organization and its volunteers are not among the County's "lawmakers or . . . those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 694.

**3. The alleged "policy" describes no constitutional violation.**

Even taken as true, the alleged practice of charging without first obtaining an agricultural-industry expert review is not unconstitutional, so it cannot be the "moving force" behind a constitutional violation. *Dress*, Doc. No. 22, at 7 n.5 (citing *Monell*, 436 U.S. at 694–95). Probable cause requires an examination of the "totality of circumstances" and the adoption of a "common sense" approach. *Illinois v. Gates*, 462 U.S. 213 (1983). Plaintiff's criticism of Trooper Bierzonski's reliance on "*common sense*" (Compl. ¶¶ 32, 38) is therefore a criticism of the governing standard itself. A finding of probable cause does not "require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams*, 407 U.S. 143, 149 (1972). An allegation that a police

investigation could have been more thorough does not vitiate probable cause. *Mitchell v. Obenski*, 134 F. App'x 548, 551 (3d Cir. 2005). *See also Meketa v. Kamoie*, 955 F. Supp. 2d 345, 359 (M.D. Pa. 2013) (noting that at least one court within this Circuit has held that "nowhere does the determination of probable cause require that the alleged perpetrator be interviewed by police"). Once probable cause exists, officers need not explore "every theoretically plausible claim of innocence," *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997), because their function "is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence," *Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989). No constitutional rule required the expert consultation that Plaintiff says was missing.

**B. Count I Fails to Plead a Failure-to-Train Claim.**

Where liability is based on a failure to train or supervise, the plaintiff must show that "the failure to train amounts to deliberate indifference to the rights of persons with whom . . . [municipal employees] come into contact." *City of Canton*, 489 U.S. at 388. A pattern of prior constitutional violations is ordinarily necessary to make out a failure-to-train claim. *Berg v. Cty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000). In *Dress*, the court rejected a failure-to-train theory where the complaint contained "no allegations of deficient training, let alone the pattern of prior

constitutional violations that is ordinarily necessary." *Dress*, Doc. No. 22, at 8 n.6 (citing *Berg*, 219 F.3d at 276).

Paragraphs 85 through 88 simply recite the words "failure to train and/or supervise" and "deliberately indifferent." They do not describe any County training program, identify any deficiency in it, or allege a single prior violation by any County prosecutor. These are the bare legal conclusions that *Santiago* removes from the analysis. 629 F.3d at 130. Moreover, "had there not been an underlying constitutional violation in the first instance, plaintiff's 'failure to train' claim against the City would not stand." *Kneipp v. Tedder*, 95 F.3d 1199, 1212 n.26 (3d Cir. 1996). As shown below, there was none.

### C. Count I Fails Because Plaintiff Has Not Pleaded an Underlying Constitutional Violation.

A *Monell* claim cannot succeed where the plaintiff has suffered no constitutional injury. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Kneipp*, 95 F.3d at 1212 n.26. In *Dress*, the court held that the plaintiff's *Monell* claim failed for this independent reason as well. *Dress*, Doc. No. 22, at 8. A Fourth Amendment malicious prosecution claim requires that:

> (1) the defendant initiated a criminal proceeding, (2) the criminal proceeding ended in [plaintiff's] favor, (3) the defendant initiated the proceeding without probable cause, (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice and, (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). Plaintiff cannot satisfy the third and fourth elements.

Probable cause exists when "reasonably trustworthy information or circumstances within a [law enforcement] officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person [in question]." *Spiker v. Whittaker*, 553 F. App'x 275, 278 (3d Cir. 2014) (citing *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002)); *see also Thomas v. E.J. Korvette, Inc.*, 476 F.2d 471, 474 (3d Cir. 1973). The standard "does not turn on the actual guilt or innocence of the arrestee." *Radich v. Goode*, 886 F.2d 1391, 1397 (3d Cir. 1989). It "does not require that officers correctly resolve conflicting evidence or that their determinations of credibility, were, in retrospect, accurate." *Wright v. City of Phila.*, 409 F.3d 595, 603 (3d Cir. 2005). Police officers are permitted to rely upon the statements of eyewitnesses or victims if they reasonably believe the statements are credible. *Wilson v. Russo*, 212 F.3d 781, 790 (3d Cir. 2000). Although probable cause is generally a jury question, *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000), the court may decide it as a matter of law where, taking all of the plaintiff's allegations as true, "a reasonable jury could not find a lack of probable cause." *Montgomery v. DeSimone*, 159 F.3d 120, 124 (3d Cir. 1998). The plaintiff bears the burden on this element. *Miller v. Pa. R. Co.*, 89 A.2d 809, 811 (Pa. 1952).

Plaintiff's own averments establish probable cause. A neighbor reported deceased animals on the property (Compl. ¶ 15); troopers observed the conditions firsthand (Compl. ¶ 32); a search warrant was approved (Compl. ¶ 36); Commonwealth veterinarians testified about the injuries and condition of the animals (Compl. ¶ 67); and Plaintiff's own expert acknowledged unsanitary conditions on the property (Compl. ¶ 71(g)). Most significantly, after a preliminary hearing, Magisterial District Judge Hamil bound over all 2,700 counts for trial. (Compl. ¶ 44.) That includes the 450 counts that Ms. Larue added (Compl. ¶ 43), which are the only charges any County actor is alleged to have initiated.

A preliminary hearing determines whether there is a prima facie case, a standard "akin to the standard for probable cause." *Wheeler v. Wheeler*, 639 F. App'x 147, 151 (3d Cir. 2016); *see* 234 Pa. Code § 542(D). Although not conclusive, the magisterial district judge's "independent, contemporaneous judicial determination" to hold the case for trial is "weighty evidence" of probable cause. *Wheeler*, 639 F. App'x at 151; *Doll v. Williams*, No. 08-CV-675, 2009 WL 3103832, at *1 (M.D. Pa. Sept. 24, 2009). In *Zerby*, this Court dismissed a malicious prosecution claim arising from a Cumberland County prosecution because the plaintiff alleged no facts that would rebut the presumption created by the bindover. *Zerby*, Doc. No. 33, at 17–18. Plaintiff alleges none here.

Plaintiff's theory instead challenges the scope of the investigation: that no agricultural expert was consulted before charging. (Compl. ¶¶ 27–29.) Such contentions "revolve around how the investigation was conducted" and do not suggest a lack of probable cause. *Wheeler*, 639 F. App'x at 150; *Mitchell*, 134 F. App'x at 551. Like the plaintiff in *Zerby*, Plaintiff does not identify facts that an expanded investigation would have uncovered that negate probable cause. *Zerby*, Doc. No. 33, at 16–17; *see Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 657 (W.D. Pa. 2010). The industry-practice opinions his experts offered at trial (Compl. ¶¶ 68–74) were defenses for the jury to weigh, not facts that stripped the officers or the prosecutors of probable cause. His acquittal does not change the analysis. *Radich*, 886 F.2d at 1397.

Because Plaintiff has not pleaded the absence of probable cause, he has also failed to plead malice, which may be inferred from facts indicating the absence of probable cause. *Lippay v. Christos*, 996 F.2d 1490, 1502 (3d Cir. 1993); *Zerby*, Doc. No. 33, at 18 n.7. With no underlying constitutional violation, Count I fails. *Heller*, 475 U.S. at 799.

### D. The Fourth Amendment, Not the Fifth Amendment, Governs Plaintiff's Claim.

Count I invokes both the Fourth and Fifth Amendments. (Compl. ¶¶ 86–88.) "[W]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that

Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Plaintiff's allegations of prosecution without probable cause fall under the Fourth Amendment. To the extent Count I rests on the Fifth Amendment, it should be dismissed.

### E. Dismissal Should Be With Prejudice.

Leave to amend need not be granted where amendment would be futile, meaning that "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Amendment would be futile here. Plaintiff cannot plead around his own averments that PSP filed the charges, applied for the warrant, and seized and held the animals, *see Zerby*, Doc. No. 33, at 11 n.4, or that a magisterial district judge bound over every count for trial. Nor can any amendment convert the absence of an agricultural-expert consultation into a constitutional violation.

## VII. CONCLUSION

For the foregoing reasons, Defendant Cumberland County respectfully requests that this Honorable Court grant its Motion, dismiss Count I of Plaintiff's Complaint with prejudice, and dismiss the County from this action.

Respectfully submitted,

**SANTIAGO & ASSOCIATES**

By:____________________________________

Leticia J. Santiago, Esquire
P.O. Box 2903
Hartford, CT 06104-2903
(215) 274-1724
ljsantia@travelers.com
Counsel for Defendant, Cumberland County

**CERTIFICATE OF NON-CONCURRENCE AND OF GOOD FAITH EFFORTS TO CONFER**

I, Leticia J. Santiago, Esquire, counsel for Defendant Cumberland County, do hereby certify, pursuant to Local Rule 7.1 and this Court's Civil Practice Order, that prior to filing the foregoing Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), I sought the concurrence of Plaintiff's counsel, Matthew D. Fogal, Esquire, and Joshua P. Geist, Esquire, and made good faith efforts to confer with them to determine whether the identified pleading deficiencies may be cured by amendment.

Specifically, I left telephone messages for each of Plaintiff's counsel and, on October 9, 2026, followed up in writing by email addressed to both counsel. That email advised that the County intends to move to dismiss Count I, the sole cause of action against the County; explained the County's position that the Complaint does not state a *Monell* claim and that amendment would be futile; and invited counsel to confer before the Motion was filed.

As of the date of this certification, I have received no response from either counsel to my telephone messages or my email. Plaintiff's concurrence in the Motion has therefore not been obtained, and the Motion is presented as opposed.

**Respectfully submitted,**

**SANTIAGO & ASSOCIATES**

By:______________________________________

Leticia J. Santiago, Esquire
P.O. Box 2903
Hartford, CT 06104-2903
(215) 274-1724
ljsantia@travelers.com
Counsel for Defendant, Cumberland County

**CERTIFICATE OF SERVICE**

I, Leticia J. Santiago, Esquire, do hereby certify that the attached document was filed electronically with the Court and was sent to the following via the ECF System on October 9, 2026.

Matthew D. Fogal, Esquire
Matt Fogal Law Office, LLC
52 West King Street
Chambersburg, PA 17201
matt@fogal.law
*Counsel for Plaintiff*

Joshua P. Geist, Esquire
Geist & Geist, P.C.
3634 California Avenue
Pittsburgh, PA 15212
josh@goodrichandgeist.com
*Counsel for Plaintiff*

Brian P. Gordon, Esq.
Reilly, McDevitt & Henrich
1339 Chestnut Street
The Widener Bldg, Suite 410
Philadelphia PA 19107
BCorcoran@RMH-Law.com
File Number: ANI611845
*Counsel for Co-Defendants Spranza Animal Rescue and Janine Guido*

Deputy Attorney General, Frank Pryzbylkowski, Esq.
Pennsylvania Office of Attorney General, Bureau of Consumer Protection
Strawberry Square, 15th Floor
Harrisburg, PA 17120
FPryzbylkowski@AttorneyGeneral.gov
*Counsel for Commonwealth of Pennsylvania – PA State Police, Nicholas Bierzonski, Paige Kulsa, and Michael Spada*

**SANTIAGO & ASSOCIATES**

By:________________________________

Leticia J. Santiago, Esquire
P.O. Box 2903
Hartford, CT 06104-2903
(215) 274-1724
ljsantia@travelers.com
Counsel for Defendant, Cumberland County